## ALEXANDER SHAW AND CHRISTIAN DEVRIES, EXECUTORS OF J. S. COMBS ET AL., *vs.* ALTHEA M. DEVECMON ET AL.

*Duty of Person Taking Possession of an Infant's Land.*

A person who takes possession of the land of infants, managing the same for their benefit, is not entitled to an allowance for money expended by him in the purchase of an outstanding claim against the estate, not shown to be necessary, without the consent of the beneficiaries, then of age.

Certain land sold at a tax sale was conveyed to the widow and infant children of the purchaser, who died after the sale. An uncle of the children took possession of the land for the grantees, receiving the rents and profits, and a claim to the land having been set up by the former owner, the uncle bought the title of such owner, and had the same conveyed to himself. Upon his books, the children were credited with the rents, etc., and charged with the sum paid for the said title. The children were of age at the time of this purchase, but their consent to the same was not obtained. After the death of the uncle a bill was filed against his executors and devisees, asking among other things for an account of the rents, etc. *Held*, that no charge should be made against said children for the sum so expended in the extinguishment of the outstanding title.

Appeal from a decree of the Circuit Court for Allegany County (STAKE, J.), ratifying one Auditor's Account and rejecting another.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Benjamin A. Richmond* and *D. James Blackiston* (with whom was *D. W. Sloan* on the brief), for the appellants.

*T. Semmes Devecmon*, for the appeliees.

BRYAN, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Allegany County, sitting in equity. The proceedings appear to have been somewhat irregular, but as no question has been made on this ground, we find it unnecessary to consider it.

It is admitted that there is but one point in controversy, and therefore we shall proceed to examine it without making a detailed statement of the other matters appearing in the record. It is shown in the evidence that in August, eighteen hundred and sixty-two, Thomas Devecmon, at a public sale for taxes, purchased a tract of land called "Harker Place," and another tract called "Sugar Hill," both lying in Allegany County, and other tracts of land in said county. And, that, he having died before receiving a deed for the same, the collector, after his death, conveyed the land to his widow and children; the children then being infants under the age of twenty-one years. And that John S. Combs, who was the uncle of the infant Devecmons, took possession of the tracts called "Harker Place" and "Sugar Hill," and managed them for the benefit of the widow and children, accounting to them for the rents and profits. In the year eighteen hundred and sixty-eight, Benjamin E. Green, who alleged that he was the owner of these tracts at the time of the tax sale, brought an action of ejectment to recover them, and obtained a judgment by default against the casual ejector, but he made no attempt to take possession of the land. In July 1884 these tracts were sold under a decree in equity against Green, and were purchased by Combs who took the deed in his own name. He charged the price of the property, which was eight hundred and sixteen dollars, to the Devecmons on his books. There is no doubt that it was his intention that they should have the benefit of the purchase ; and it is perfectly evident that all his dealings with them were marked with strict integrity and by a benevolent desire to promote their pecuniary interests. The circumstances were such that it was a matter of prudence to extinguish Green's title, if it could be

done on reasonable terms.   The Devecmons claimed under a tax title, and such a title was very precarious before the changes made by the Act of 1874,  It was necessary for the party setting it up to prove that every requirement of the law had been observed, and that the sale was regular in every particular.   Very often there were mistakes and omissions in the proceedings, and even where they were perfectly regular it was difficult to prove the facts after the lapse of many years.   The Devecmon title accrued more than twenty years before the purchase by Combs, and they had held possession under it all that time.   But the Statute of Limitations had not given any additional security to it, because at the time of the tax sale the owner was absent from the State, and he does not appear to have returned until 1866, about eighteen years before the purchase by Combs.   The judgment in ejectment did not determine any question of title.   It merely gave Green the right to obtain possession, but as no execution was issued on it within twelve years from the time of its rendition, or afterwards, it was barred and of no effect.   We lay no stress on the right of possession acquired by this judgment as an obstacle to the running of limitations, because with or without the judgment, the entry of Green was not barred when Combs bought the property.   But however prudent it may have been for the Devecmons to acquire Green's title, Combs had no right to buy it with their money without their consent.   They were all of age at the time, and he might have consulted them.   There is no evidence in the record that he did so.   There is a letter from him to J. Semmes Devecmon, in which he speaks of having paid for the property.   But this is a slender foundation for an inference that the family had agreed that their money should be invested in the purchase.   In point of fact he never conveyed the title to them, and never tendered a conveyance of it; but retained it in his own name.   They probably all knew that he had made the purchase.   Five of them sold to him their interest in the land; the deeds show

that they conveyed to him "all their right, title and interest"
in it.   Their interest was such as was derived from the tax
sale ; and he had the title of the original owner.   There is
nothing in the deeds to show that it was understood by
either grantors or grantee that the Devecmons had agreed
that their money should be applied to the purchase of
Green's title.   If this were the understanding, it would have
been very easy and very natural to insert the statement in
the deeds ; but it is not in our power to interpolate it.
Combs died in October, 1885, and Alexander Shaw and
Christian Devries became his executors.   Among the pro-
ceedings there is a prayer that they should account with
the widow and heirs of Thomas Devecmon for the rents
and profits of "Harker Place" and "Sugar Hill," and that
they should be charged with the price of the property
above mentioned, purchased by Combs.   This is the only
question presented to us by this record.   The Court below
decreed that they should account, and should be charged
with this sum.   We are of the same opinion.   But although
we hold that the price paid for the title of Green must not
be charged to the Devecmons, yet we must observe that
this title belonged to Mr. Combs, and that at his death it
was descendible to his heirs at law.

   The decree must be affirmed, but a majority of the Court
think that the appellants ought to be allowed to apply for
a decree remanding the case for further proof in regard to
the purchase of the property by Combs and its binding
effect upon the Devecmons, if they should elect to do so
within thirty days from this date ; and it is so ordered.

> *Decree affirmed with leave to the
> appellants to move to remand the
> case for further testimony, if they
> elect to do so within thirty days.*